## Case No. 5,297.

### GEIB v. ENTERPRISE CO.

[1 Dill. 449, note.] [1]

Circuit Court, D. Minnesota. June, 1870.

INSURANCE—CONCEALMENT OF MATERIAL FACT—WAIVER.

[1. Where property insured is sold under a mortgage, but by virtue of a state law the title remains in the former owner, with power of redemption, for the period of one year, it is the duty of such owner, upon applying for insurance, to disclose the state of the title to the insurance company, as, if not redeemed, the title would be lost to the assured before the expiration of the policy.]

[2. The facts to constitute a waiver of such disclosure may consist of acts of the company's agent showing knowledge, the fact that he filled in the blanks, that plaintiff could not read English and the application was not read to him, and that no questions were asked of him concerning incumbrances.]

[This was an action on an insurance policy]. The main defence was an alleged concealment by the assured at the time of effecting the insurance, of a previous sale of the property insured, under a mortgage.

Respecting the necessity of a d'sclosure by the applicant of the existence of such a fact, and what acts on the part of the local agents of the company would amount to a waiver of the necessity of making such disclosure, the jury was directed as follows.

Before NELSON, Circuit Justice, and DILLON, Circuit Judge.

DILLON, Circuit Judge. The principal d'fence relied on is that the plaintiff in effecting the insurance concealed the fact that there was an incumbrance on the lot and building to the amount of about $3,000, at the time the policy in suit was issued. It is not denied that in point of fact there was a mortgage of this amount upon the property. There is no proof that the defendant or its agent knew of the existence of this incumbrance when the policy was delivered to the plaintiff.

In the application (which is made part of the policy and a warranty on the part of the plaintiff) the question as to mortgages or incumbrances is not answered. In the application there is printed over the signature of the plaintiff the following, to-wit: "The applicant (the plaintiff) hereby covenants and agrees with the said company that the foregoing is a just and true exposition of the facts and circumstances in regard to the condition, situation, and value of the property insured, so far as the same are known to the applicant, and material to the risk." In the policy there is this provision, to-wit: "If the assured conceals any fact material to the risk in the application or otherwise," this will avoid the policy.

It is admitted that on September 24, 1837 (prior to the date of the policy in suit), the property was sold on the mortgage before mentioned by virtue of a power of sale contained therein, and purchased by a third party. But under the statute of Minnesota, the purchaser at such sale did not acquire a title to the property; the title still remained in the plaintiff, and no title would pass to the purchaser unless the plaintiff failed for one year to redeem the property; in other words, notwithstanding the sale, the mortgage was still nothing but an incumbrance at the date of the policy sued on,—October 1, 1867.

It was the duty of the owner of property, the title to which was in this condition, on applying to have it insured, to disclose to the company the facts relating to the state of the title as, if not redeemed, the title would be lost to the assured before the expiration of the policy. In contracts of insurance, good faith and fair dealing are required from both parties; such good faith and fair dealing would ordinarily require the party proposing to get the property insured to disclose the state of the title, if it was in the condition above mentioned.

The question in the case at bar is whether the necessity of such disclosure was waived by the company. If you find from the evidence that the plaintiff's property had been insured before in companies represented by the defendant's local agent; that such insurance being about to expire, the defendant's local agent applied to the plaintiff to keep the property insured and to allow such agent to insure it in the defendant's company; that the plaintiff consented; that the agent of the defendant made out, or caused the application to be made out, in the office, and in the absence of the plaintiff; that when made out, it and the policy already filled up and signed were taken to the plaintiff's store; that the application was not read

¹ [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

to the plaintiff, and that he could not read it, being a German, and that it was not read or explained to him by the agent; that the agent said it was all right and the plaintiff signed it without being apprised of its contents; and if you further find that at no time were any inquiries made of the plaintiff respecting incumbrances,—the court instructs you (if you find these to be the facts), that they amount in law to a waiver on the part of the defendant of the duty on the part of the plaintiff to disclose the existence of the mortgage or incumbrance on the property. If these are not the facts, substantially, then you will find that it was the duty of the plaintiff to have disclosed the state of the title, and failing to do which he cannot recover."

NOTE. Respecting the waiver of conditions in policies, and the power of local agents in this respect, the case of Viele v. Germania Ins. Co., 26 Iowa, 9, and the note, may be usefully consulted. North American Fire Ins. Co. v. Throop (Mich. Sup. Ct. 1871) [22 Mich. 146]; Miner v. Phoenix Ins. Co. [27 Wis. 693]. Agent in filling up blank applications may be the agent of the company. Rowley v. Empire Ins. Co., 36 N. Y. 550; Miller v. Mutual Ben. Ins. Co., 31 Iowa, 216. The principle laid down in the foregoing charge as to knowledge of an agent acquired in other transactions has since been approved by the supreme court of the United States. The Distilled Spirits, 11 Wall. [78 U. S.] 356. Fraudulent representations by assured avoid policy of insurance. Followed, Wilkinson v. Union Mut. Fire Ins. Co. [Case No. 17,-676]; Shaw v. Scottish Com. Ins. Co., 1 Fed. 765.

[In the original report in 1 Dill. 449, this case is published as a note to Geib v. International Ins. Co., Case No. 5,298.]