## Case No. 1,111.

### BAUBIE v. AETNA INS. CO.

[2 Dill. 156.] [1]

Circuit Court, E. D. Missouri. 1873.

INSURANCE—POWER OF LOCAL AGENTS—VERBAL CONTRACT TO RENEW INSURANCE.

A local agent of a foreign insurance company, empowered to solicit insurance, receive premiums, and to issue and deliver policies, has, in favor of third persons dealing with him in good faith, and without notice of any restriction on his authority, power to bind the company by parol as well as by written contracts for insurance, and may thus bind it by a parol contract to renew the policy from time to time during the plaintiff's ownership of the property.

At law. This is an action to recover the sum of $4,000, which the plaintiff alleges the defendant had verbally agreed to insure upon a hotel building, at Cameron, in this state, of which property the plaintiff held the title in trust. [Judgment for plaintiff.]

The principal question of fact controverted on the trial was whether there was any such contract subsisting between, and binding upon, the parties at the time the building was consumed by fire. The company denied that in point of fact any such contract was made by its agent, and denied, also, if its agent undertook to make such a contract, that he had any power or authority to bind the company thereby. It was admitted, or not controverted, that the local agent of the defendant for that part of Missouri where the property in question was situate, was, in 1869 and the early part of 1870, one McMichael, who resided at Plattsburg, and not at Cameron. It appears he was entrusted with blank policies, signed by the officers of the company, and was empowered to fill up and deliver such policies without first consulting the company. He was the company's agent for taking risks and making insurances within the district above referred to. It is also an admitted fact that on the first day of May. 1869, the company, through McMichael, did issue a policy of insurance, in writing, to the plaintiff, for $4,000, for six months, on the hotel building in question; that when this six months expired the policy was renewed for another term of six months; that there was no written renewal after that; and the property was destroyed by fire on or about June 21, 1870. The jury were instructed by the circuit judge as appears below.

Hitchcock, Lubke & Player, for plaintiff. Mr. Clover and Mr. Eaton, for the company.

Before DILLON, Circuit Judge, and TREAT, District Judge.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

DILLON, Circuit Judge. I. The plaintiff seeks to recover in this action not upon a written policy, but by virtue of an alleged parol or verbal contract, which he claims was made at the time the first policy was issued, to the effect that while the plaintiff continued to hold the title to the property, as trustee, the company would keep the same constantly insured, by renewing the policy at the expiration of every six months and drawing on plaintiff (who resides at a different place from the agent of the company) for the premium, unless notified by the plaintiff to the contrary before the expiration of any period of six months.

This contract being denied by the defendant, the burden of proof is on the plaintiff to establish its existence.

And in view of the fact that contracts of insurance are almost universally reduced to writing, and especially in view of the indefinite duration of the engagement which the plaintiff asserts the company made, we feel it our duty to say that not only is the burden upon plaintiff to establish the existence of the contract he sets up, but to make clear, precise, and satisfactory, proof of it. Bear in mind that it is a contract—that is, a definite and completed agreement, which the plaintiff alleges and must prove; a contract, binding upon both parties, and subsisting between them at the time of the loss, and which bound the plaintiff to pay the premium had the loss not happened, as well as bound the defendant to pay the amount insured if the loss did happen. Conversations or negotiations about expecting to renew during the period of the plaintiff's ownership, not resulting in a definite agreement, are not binding. It must be a concluded contract subsisting between and binding both parties which must be established. If you find from the evidence that the only agreement which the agent made was to make one renewal, to-wit: in November, 1869, and did not agree to continue to renew, without request, after that, then you should find for the defendant.

II. But if you find from the evidence that the contract set up by the plaintiff has been established as one which was, in fact, entered into between the local agent of the defendant and the plaintiff, then the next question to be considered is, whether the agent of the defendant had authority to bind the company by such a contract.

Now, in law, as settled by the supreme court of the United States, the powers of an insurance agent are presumed to be co-extensive with the business entrusted to his care, and will not be narrowed by limitations not communicated to the person with whom he deals. An insurance company establishing a local agency is held responsible to the parties with whom they transact business for the acts and declarations of the agent within the scope of his employment, as if they proceeded from the principal. Union Mut. Ins. Co. v. Wilkinson, 13 Wall. [80 U. S.] 222, 235.

We instruct you on this subject, that if the agent of the defendant, McMichael, was empowered to transact the business of insurance for it at his local agency, to solicit insurance, to receive premiums, to issue and deliver policies, then he would, in favor of third persons dealing with him in good faith, have authority to bind the company by parol contracts as well as by written contracts for insurance, unless notice of restrictions on his power in this respect is brought home to the persons dealing with him; and under these circumstances, and with these limitations, he would have authority to make (if he in fact did make, of which you are to judge from the evidence), such a contract as the plaintiff alleges, and such contract, if made, would be binding upon the company.

Judgment for plaintiff.

NOTE, [from original report.] There was a verdict for the plaintiff and judgment upon it. A bill of exceptions was signed. It has been decided by the court of appeals of New York that an agreement to the effect that until notice by the one party to the other, a fire policy of insurance shall be renewed from year to year, is not within the statute of frauds, and may be by parol. Trustees of Baptist Church v. Brooklyn Fire Ins. Co., 19 N. Y. 305, 28 N. Y. 153, reversing 18 Barb. 69. Parol contracts for insurance, see Hening v. United States Ins. Co., [Case No. 6,366;] Taylor v. Germania Ins. Co., [Id. 13,793.] Power of local insurance agents to act for and bind the company: Union Mut. Ins. Co. v. Wilkinson, 13 Wall. [80 U. S.] 222; Geib v. International Ins. Co., [Case No. 5,298.]