THE WESTERN HORSE AND CATTLE INSURANCE CO., PLAINTIFF IN ERROR, V. S. H. PUTNAM, DEFENDANT IN ERROR.

1. **Trial:** VERDICT : VALUATION OF PROPERTY. The jury, upon trial of an issue joined, are the judges of the weight of the testimony submitted to them. Where, upon a question of the value of the property, a witness, in answer to an hypothetical question, gives evidence of the value of property of the kind and quality of that in question, a verdict adopting such valuation will not be molested, as not supported by sufficient evidence, if no other testimony of value is given.

2. **Error without prejudice,** committed on a trial of a cause will not require the reversal of a judgment.

3. **Insurance:** STOCK : ARBITRATION : WAIVER. Where an insurance policy provided that, upon notice of loss being given, th einsurer would cause the alleged loss to be properly investigated, and if the claims for loss should prove correct it would be paid in a given time ; and where in another clause of the policy it was provided that no animal should be insured for more than three-fourths of its actual value, and if in case of loss it should be found upon investigation that the animal was insured for more than that, the insurance company would pay only three-fourths of the actual value, in case the claim was just, such value to be determined by arbitration in case of a failure to agree thereon, it was *Held,* That the two clauses of the policy should be construed together ; and that in case of a loss the refusal of the insurer to pay any sum whatever, and a denial of the validity of the policy was a waiver of any right to arbitrate; and a suit for the amount due on the policy might be maintained without such arbitration.

4. **Instructions** examined and *Held* to conform to the pleadings.

5. **Evidence** examined and found sufficient to sustain the verdict.

ERROR to the district court for Dixon county. Tried below before CRAWFORD, J.

*Barnes Bros.,* for plaintiff in error.

*W. E. Gantt* and *W. F. Norris,* for defendants in error.

REESE, J.

This was an action on a policy of insurance, executed by plaintiff in error to defendant in error, by which the plaintiff in error insured a certain jack, or stallion ass, as it is termed in the policy, for the sum of $300, the real value of which was stated in the application for insurance at $400.

The petition is in the usual form. The answer denies all the allegations of the petition except the issuance of the policy and the corporate existence of plaintiff in error—defendant below.

The answer contains the further defense, that in order to induce plaintiff in error to issue the policy of insurance, defendant in error made a written and printed application for said policy, and in said application falsely and fraudulently represented to plaintiff in error that the animal to be insured was in a good state of health, and of the value of four hundred dollars, "which said representations, by the terms of said policy, were made a part thereof, and the basis upon which the same was issued; and it was further provided by the terms of said policy, that should said representations prove false and fraudulent, that said policy should be void." It is alleged that said representations and statements were false and fraudulent. That the animal was not in a good state of health, but was at said time "sick, lame, and diseased, and for more than five months prior to said date had been diseased with a large sore on one of his fore-legs. That it was not of the value of four hundred dollars, or any other sum, because he was unfit by reason of said sickness and disease for the purposes for which he was kept, to wit, as a stallion ass, and could not get colts, all of which said plaintiff knew at the time." It is alleged that defendant falsely and fraudulently represented that this animal insured was only six years old, when in fact it was much older—so old as to be worthless,

which defendant in error well knew. That said false representations were made to procure the issuance of the policy, and were relied on by plaintiff in error. That after procuring the policy defendant in error failed to furnish proper and suitable stabling for the animal insured, but kept it during the storms of winter under an open shed and exposed to the storms and the inclemency of the weather, and by reason of the disease, old age, and exposure, the animal died.

The reply denied all the allegations of the answer.

A jury trial resulted in a verdict and judgment in favor of defendant in error for the full amount of the policy. The insurance company prosecutes error to this court.

It is first insisted that, by the allegations of the answer, the value of the animal was put in issue, and that in order to recover it was necessary for defendant in error to establish such value by competent evidence. Upon the part of defendant in error it is insisted that the value of the property was not in issue, but that if it were, it was sufficiently proven.

Conceding that the value of the insured property was in issue, we must hold that there was some competent evidence as to such value. J. E. Bennett, a witness of seventeen years' residence in Dixon county, was called by defendant in error for the purpose of proving the value of the property. He showed himself competent to testify upon the subject of the value of such animals. He had never seen the one in question. An hypothetical question, fairly reflecting the testimony offered by plaintiff as to the condition of the jack at the time of the insurance, was propounded to him in connection with the inquiry of the value of the animal. His answer was that if he was healthy, a straight, nice jack, otherwise than as stated in the interrogatory, he would be worth eight hundred dollars. He was then asked what would be the effect on the capacity of such an animal for getting foal, by driving him in the

spring of the year three hundred and fifty miles in fourteen days. The answer was, in substance, that he would be worth less, giving as a reason for his answer the "change of climate in the mare season," and that not one out of twenty-five would ever get a colt, but that he would be good after that. Much stress is laid on this testimony by plaintiff in error, which, it is claimed, destroys the effect of the testimony of the witness wherein he fixes the valuation at eight hundred dollars. We do not so consider it. In the former part of his testimony the witness refers to the general valuation of the property. In the latter he refers only to the value for the year in which it was brought to the state. It may be true that the testimony was not of very great weight, but in the absence of any other it was sufficient for the jury to consider, they being the judges of its weight. No testimony upon the question of value was introduced by plaintiff in error, except in a general way, showing his condition, failure to perform service, etc., while the proof of some value introduced on the part of defendant in error was abundant. Some testimony was admitted as to the value of such property in the market in Missouri, and to which objection is made; but if there was error in admitting it, it was clearly without prejudice under the issues. In this connection it must not be forgotten that the only issue of value presented by plaintiff in error was as to the worthlessness of the property at the time of the insurance, as tending to prove fraud on the part of defendant in error in procuring the policy. As fraud is never presumed, but must be proved by the party alleging it, we think there was sufficient proof of value to sustain the verdict.

The policy contains the following condition : " No animal shall be insured for more than three-fourths of its actual value ; whenever, in case of loss, it shall be found upon investigation that the animal was insured for more than that, the company will pay the insured only three-fourths of

such actual value, and no more, if such loss be found correct and just; the actual value to be determined by three disinterested persons, unless agreed upon between the insured and the company."

It is insisted that this condition is binding upon the parties to the policy, and the court erred in admitting any evidence as to value until it was shown that the company had refused to permit the value to be fixed and determined by arbitration, or had in some manner waived the condition.

The fifth clause of the policy provides that "when all necessary documents have been received the company will cause losses to be properly investigated, and if the same shall prove correct and just, will settle them within forty-five days after the establishment of such proof."

The " investigation " provided for in this fifth clause is, without doubt, the one referred to in the fourteenth. There is no suggestion anywhere in the pleadings or proof that plaintiff in error ever sought to avail itself of the benefits of the provisions of the policy now invoked, but, upon the contrary, it refused absolutely to pay anything, declaring that as to it the policy was void. Had it been ascertained that the property was insured for more than three-fourths of its actual value, and had plaintiff in error so notified defendant in error, and had it acknowledged its obligation to pay the correct amount, then it might have insisted on an arbitration of that question. Having refused to pay without claiming anything under the article in question, it has waived any right to insist upon it in bar of the action. May on Insurance, sec. 492. *Robinson v. Georges Ins. Co.*, 17 Me., 131. *Goldstone v. Osborn*, 2 C. & P., 550. *Kill v. Hollister*, 1 Wilson, 129. *Thompson v. Charnock*, 8 T. R., 139. *Street v. Rigby*, 6 Ves., 815.

Objection is made to the fourth instruction given to the jury. It is as follows: " The defendant in its answer alleges and claims that it is not liable on said policy for the reason, as alleged, that the defendant was induced to assure

said animal by the false and fraudulent representations of plaintiff as to the age, value, soundness, and health of the animal at the time of the issuance of the policy.   This is denied by the plaintiff in his reply.   Defendant further alleges that said ass died from disease contracted prior to the insurance, from old age and exposure, and that the animal was old and worthless at the time of the taking effect of the policy.   These allegations are also denied by the plaintiff in his reply, and these are the issues for you to determine."

It is said that " this instruction is misleading in that it entirely ignores the question of the value of the property insured."   From a careful examination of the answer we think the instruction was correct.   As we have seen, there are but two lines of affirmative defense presented by the answer.   One, the invalidity of the policy by reason of the false representations and fraud practised by defendant in error in procuring the execution of the policy ; the other, negligence in caring for the property after insurance.   The question presented for trial was the liability of plaintiff in error on the policy for any sum whatever.

The objection to instruction number six is disposed of by the foregoing, and no further notice of it is necessary.

The next and last contention is that " the verdict is not sustained by sufficient evidence, and is contrary to law."

The testimony was mainly confined to the issues made by the pleadings.   There was sufficient to warrant the jury in finding that at the time of the insurance the agent of plaintiff in error was at the house of defendant in error; that he examined the animal ; that it was a very large one, in good condition, excepting a healing sore on one of its fore legs, which was afterwards cured ; and that the animal was about six years old ; that it was worth more than the sum named in the application for the policy ; that it was reasonably well cared for, and died from disease through no fault or negligence of defendant in error.   There being

sufficient proof to sustain a finding of these facts it cannot be molested.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.