MARGARET MULLEN *vs.* DORCHESTER· MUTUAL FIRE INSUR-
ANCE COMPANY.

Bristol.    October 26. — 27, 1876.    DEVENS & LORD, JJ., absent.

A by-law of a mutual fire insurance company provided that "if the insured shall
neglect for the space of ten days, when personally called on, or after notice in
writing had been left at his last and usual place of abode or business, to pay any
assessment, the risk of the company on the policy shall be suspended till the same
is paid ; and if the insured shall refuse to pay any assessment, or if, for any other
cause, the risk is considered unequal or injurious to the company, the directors
may terminate the same by giving notice thereof in writing, signed by the secre-
tary, either personally or by mail, to the insured." Notice of an assessment was
sent to a policy holder by mail, but was not received by him. The directors of the
company afterwards voted to cancel all policies, the holders of which had not paid
the assessment, and a notice of such cancellation was sent to the policy holder by
mail, but was not received. *Held,* that, under the by-law, the policy was not can-
celled.

CONTRACT on a policy of insurance against fire, containing
the following clause : " And it is further agreed that the com-
pany have the right of cancelling any policy whenever any three
of the directors shall deem there is sufficient cause therefor ; in
such case the secretary shall give the party insured and the party
to whom the policy is payable in case of loss, seven days' notice
in writing of the determination of the company to exercise this
right, and the insured shall be entitled to receive the dividend
due on this policy." Answer, that before the loss occurred the
policy was cancelled in consequence of the refusal of the plain-
tiff to pay an assessment. Trial in the Superior Court, before
*Rockwell,* J., without a jury, who allowed a bill of exceptions in
substance as follows :

The defendant contended that the policy had been annulled
and had become void prior to the loss, because of the non-pay-
ment by the plaintiff of eighty-five per cent. of the deposit note,
which had been called for by the directors upon all deposit notes
held by the company, in consequence of large losses by the great
fire in Boston, in November, 1872. The plaintiff had not paid
this call or assessment upon her deposit note.

The defendant proved that it had sent to the plaintiff by
mail, prepaid, directed to Taunton, where the plaintiff resided,
notices of this call, and that the policy would be cancelled if

payment was not made. It was also proved that the directors of the defendant company, at a meeting when a quorum was present, passed the following vote on February 10, 1874: "Voted, that the secretary notify by mail, as fast as possible, every person insured in this company who has not paid the amount ordered to be collected November 15, 1872, on the premium deposit note, and also any person to whom the policy may be payable as mortgagee, that their policies are cancelled from and after the date of the notice; and that, at the time of sending the notice, the secretary mark the policies on the record book as cancelled on account of the non-payment of the call on the note from that date; and also, where desirable, that they can revive the policy by paying the note."

On March 24, 1874, a notice was sent by mail, prepaid, directed to the plaintiff at Taunton, to the effect that her policy was cancelled from that date, in compliance with a vote of the directors passed in February, 1874, and a copy of the vote was annexed.

It was also proved or admitted that these notices were afterwards received by the defendant from the Taunton post-office, according to directions indorsed on the envelopes, and unopened, and that, during all the time covered by the policy, the defendant had an authorized agent residing in Taunton. The judge found as a fact that the notices were not received by the plaintiff.

The defendant contended, **and** asked the judge to rule, that the policy was void by reason of the non-payment of the assessment, and because of the action of the directors and the notice under the same, and under an article in the by-laws, a copy of which is printed in the margin; * and that the sending the no-

---

* "Article 13. If the insured shall neglect for the space of ten days, when personally called on, or after notice in writing had been left at his last and usual place of abode and business, to pay any assessment, the risk of the company on the policy shall be suspended till the same is paid; and if the insured shall refuse to pay any assessment, or if, for any other cause, the risk is considered unequal or injurious to the company, the directors may terminate the same by giving notice thereof in writing, signed by the secretary, either personally or by mail, to the insured, provided such termination of the risk shall not affect the validity of the policy, or note, so far as respects past dues."

tices by mail was sufficient notice to the plaintiff of the assessment and of the cancellation of the policy.

The judge declined so to rule, and found for the plaintiff, and the defendant alleged exceptions.

*G. Marston*, for the defendant.

*S. R. Townsend*, for the plaintiff.

BY THE COURT. The terms of the by-law relied on are conclusive against the defendant. Mere neglect to pay an assessment does not affect the policy, unless it has continued for ten days after notice actually received by the assured, or left at his place of abode or of business. It is only when the assured refuses to pay an assessment, or when "for any other cause" (than has been already specially provided for) the risk is considered unequal or injurious to the company, that the right is reserved to the directors to cancel the policy. *Exceptions overruled*