Case 64—ACTION BY THE HENDERSON ELEVATOR CO.
. AGAINST THE CITIZENS INSURANCE CO. OF MISSOURI
ON A FIRE INSURANCE POLICY, OCT., 11.

## Citizens Ins. Co. of Mo. v. Henderson Elevator Co.

Appeal from Henderson Circuit Court.

J. W. HENSON, Circuit Judge.

Judgment for Plaintiff.   Defendant appeals.   Reversed.

1.  Fire Insurance—Acts of Agents—Apparent Scope of Authority—
    Notice of Restrictions—Where the agent of an insurance com-
    pany has power to write insurance it is within the apparent
    scope of his authority to determine how long the policy should
    be in force in the absence of some restrictions upon his author-
    ity and the insured had a right to deal with him on the faith of
    his apparent authority unless he had notice of the restrictions
    that had been placed upon him.
2.  Same—When the agent of an insurance company notified the
    insured that the company had ordered his policy cancelled,
    but agreed that the policy should hold good until he sent him
    a policy for the same amount in another company, and the
    property was burned before such insurance was obtained, the
    company was liable, unless the insured knew or was informed
    that the agent had been instructed to cancel the policy im-
    mediately.
3.  Same—Insurance companies select their own agents, and when
    third persons deal with them without notice of restrictions
    upon their authority the company should be held liable for
    the acts of the agent within the scope of his apparent authority.

### ON REHEARING.

4.  A local agent with authority to write insurance issued a fire
    policy on hay and grain in a warehouse.   The insurer subse-
    quently informed the agent that it was not writing hay, and
    requested him to take up and return the policy for cancellation
    immediately.   Held, that the insurer's order to the agent was
    an order to cancel the policy immediately.

LOCKETT and WORSHAM, for appellant.

Citizens Ins. Co. of Mo. v. Henderson Elevator Co.

## POINTS AND AUTHORITIES.

1. This appeal is from the judgment for $1,200.00 on an insurance policy.

2. The defendant cancelled the policy, as provided therein, before the fire.

3. Plaintiff claims that the policy was, by agreement of the agent issuing it, to remain in force until other insurance was obtained.

4. This agent had no authority to attach such condition to the cancellation. (Schwarzchild & Sulzberger v. Phoenix Ins. Co. 55 Fed. Rep. 635). May on Ins. Ward ed. Vol. 1., Sec. 67 E.

5. The court in its instructions does not tell the jury what acts would cancel the policy, but apparently holds the delivery of the policy to be marked cancelled was requisite. When the insured had the five days' notice that the insurance was discontinued that cancelled the policy.

6. It was not necessary to return the unearned premium as the plaintiff authorized it to be used in getting other insurance. (Former judgment rendered on the first appeal of this case Jan'y. 25, 1905). 84 S. W. R. 580—16th Am. & Eng. Enc. of Law 875.

7. The defendant's instructions as to cancellation, and lack of authority in the agent to make it conditional, were erroneously refused. (Miller vs. Firemans Ins. Co. of Baltimore, Dec., of the Supreme Court of West Va. reported in Insurance Law Journal Feb., 1904, page 149). May on Ins. vol 1, sec. 67 E.

8. Prejudicial errors were committed in admitting and rejecting evidence. Exceptions to this ruling and to the instructions given and refused were duly reserved.

CLAY & CLAY, Attornys for appellee.


## POINTS AND AUTHORITIES.

1. Notice that the insurance company is dissatisfied and is going to cancel the policy, is not notice that the company has cancelled, or instructed its agent to cancel. It takes something more than notice of a mere intuition, it takes a positive, unconditional act. The policy must be actually cancelled, and notice of the act of cancellation given, then five days thereafter the policy becomes canceled.

2. In all questions of agency there are certain well established principles to be applied. One of these is that the acts of the agents, within the apparent scope of his authority, are binding on the principal, even though the agent may have sent instructions to do, or not to do a particular act.

3. The agent may cancel a policy even without instructions from his principal. Any act of an agent, having general authority, as appellants agents are shown to have had in this case, having direct reference to the contract, while it is still in force, is the act of the company. (Continental Insurance Co. v. Daniel, 78 S. W. 866; Clark v. Insurance Co. of North America, 35 L. R. A. 276).

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

On October 8, 1903, appellant's local agent issued to appellee a policy of insurance for $1,200 on hay and grain in its warehouse at Janesville, Ill. The policy among other things, contained this clause: "This policy shall be canceled at any time at the request of the insured or by the company by five days' notice of such cancellation." On October 16th the company wrote its local agent the following letter: "We are obliged to recall this policy as we are not writing hay, or building containing the same, under any condition. Kindly take up, and return policy for cancellation immediately." The local agent, Cox received the letter on the 17th, and on that day submitted the risk to another company. The risk was declined. On the 19th he submitted it to a second company, and on the same day he went to Janesville to get the policy he had issued for appellant. He there met Gordon, the agent of appellee. What Cox says took place between them is as follows: "Q. Just tell as near as you can what passed between you and him in respect to the policy on that day? A. I stated to him the order from the Citizens Insurance Company to cancel, and also that he had submitted it to the Northern, and that I had come down to get the policy, and he said he couldn't give it to me because it had been sent to the Henderson Company. I went with him around the building, and made a diagram of the building, and used it afterwards with the other insurance companies. He asked then if he wasn't entitled to some time—five days' notice. I said: 'Yes, I can give you the five days'

notice right now.' 'But,' I said. 'I have submitted it to the Northern.' 'Well,' he said, 'I will waive that; that is, I won't require that; I will write to the company and get the policy.' Q. That was in response to your request to deliver to you? A. Yes, sir; I went for the policy, and asked him for it." Gordon says that the conversation between them after the diagram of the building was made was as follows: "He said: 'The company is dissatisfied with this insurance; they are going to cancel it.' 'Well' I spoke up 'they have a right to cancel it, but the Henderson Elevator Company don't want to be without insurance, and there are plenty of companies that will carry it.' Mr. Cox said: 'We want this; we don't want it to leave our agency, and this policy holds good until I send you another policy.' And then we separated on those terms, about; that is my recollection about all that was said about the insurance. We may have passed some compliments after that. Q. Did you say until you got another policy; for how much—was anything said about how much the other policy would be? A. It was to be the same amount as the one we had, $1,200."

The company to which application had been made to take the risk declined to take it. Cox then applied to a third company to take the risk. This company agreed to take the risk for $600, but declined to take it for $1,200. On October 30th a policy for $600 in this company was issued, and mailed to appellee. That night the property burned. The next morning Gordon brought the policy issued by appellant to Cox's office and delivered it, saying nothing about the fire. He was told that the policy that had been sent him was for only $600, and that they were trying to place the other $600, but had not been able to do so. He said that if it was placed, he would expect them to divide the commission with him as before. Gordon says that he did not tell them about

the fire because he thought they were trying to trick him, and did not know that the policy sent the day before was for only $600 until after he delivered up the first policy. On this evidence the court instructed the jury as follows: "(1) Gentlemen of the jury: The court instructs you to find for the plaintiff the sum of $1,200, with 6 per cent. interest thereon from the 23d day of February, 1904, unless you believe from the evidence that prior to the time of the fire that destroyed plaintiff's property covered by the policy of insurance sued on and mentioned in evidence, the agent or agents of the defendant canceled said policy of insurance and so notified the plaintiff's agent Gordon of its cancellation by giving said agent five days' notice before said fire of such cancellation; or if you believe from the evidence that defendant's agent or agents prior to the time said fire occurred canceled said policy, and also believe from the evidence that the said agent of plaintiff, upon being notified of such cancellation, if he were so notified, agreed to or did waive said five days' notice of cancellation, then in either such event the law is for the defendant, and you will so find. (2) Although you may believe from the evidence that defendant ordered said policy to be taken up for cancellation more than five days before said fire, yet if you further believe from the evidence that before it was taken up or canceled by defendant or its agent it was agreed between plaintiff's agent Gordon and the defendant's agent, Cox that said policy of insurance should be and remain in full force until defendant's said agent should obtain for said plaintiff another policy of insurance on said property so covered for the same amount in some other company or companies, and that the fire complained of occurred before such other insurance was so obtained for plaintiff, then in that event you will find for the plaintiff as heretofore indicated; otherwise, you will find for the defendant."

When the policy was brought in on the 31st an indorsement was made upon it as follows: ''Canceled by order of the company, October 31, 1903.'' This notation was made by the bookkeeper of the local agent, and was read to the jury. The difficulty with the court's instructions to the jury is that the jury from the phraseology of the instructions were warranted in concluding that the policy was in force until it was taken up by the agent. On the contrary, the company had the right to cancel it on five days' notice. No question arises in the case about the return of the premium because both parties agree that what had been paid was to be applied to the new insurance when obtained. If Cox told Gordon that the company had ordered the policy canceled, and that he had come down to get it, and Gordon said he would write and get the policy, it stood canceled within five days from that time, and the defendant is not liable. But if Cox undertook or agreed with Gordon that the policy should hold good until he sent him another policy of the same amount, and the fire occurred before such other insurance was obtained, the company was liable unless Gordon knew or was informed that Cox had been instructed to cancel the policy immediately. In lieu of the instructions given, the court should have instructed the jury as above indicated.

Cox was agent of the company with power to write insurance, and issue policies. It was within the apparent scope of his authority to determine how long the policy should be in force in the absence of some restrictions upon his authority, and Gordon had a right to deal with him upon the faith of his apparent authority, unless he had notice of the restrictions which had been placed upon him. If Cox had said to Gordon that he would have to cancel the policy but that he would give him two weeks to get other insurance, Gordon would have had a right to suppose that as he had authority to issue policies, he had authority to make

such an agreement. The agreement that the policy should remain in force until he had located the risk in another company was in effect only an agreement that it should remain in force a reasonable time for this purpose. The fact that Cox was to place the risk in some other company is not material. The contract would be essentially the same if it had been that the policy should continue until Gordon could place the risk in some other company. In placing the risk in another company Cox did not act for appellant. The arrangement would be in legal effect the same if some third person had been agreed upon to place the risk in another company, and Cox had agreed that the policy which he had issued should remain in force until the new insurance was obtained. Such an arrangement would be in effect an agreement not to cancel the policy then, but to wait and to give an opportunity for the procurement of other insurance before the cancellation would take effect. In the absence of some restrictions upon Cox's authority, of which Gordon had notice, such an agreement would be within the apparent authority of an agent authorized to make contracts of insurance. The. company selects its own agents, and when third persons deal with them, without notice of restrictions upon their authority, the company should be held for the acts of the agent within the scope of his apparent authority. We have examined the case of Miller v. Insurance Co., 54 W. Va. 344 46 S. E. 181, but the facts of that case are so different from the facts here, that it seems to have little appli-cation.

Judgment reversed, and cause remanded for a new trial.

On Rehearing.

HOBSON, C. J. In lieu of the instructions given, the court, under the evidence, should have instructed the jury, that: (1) They should find for the plaintiff unless they believed from the evidence that defend-

ant's agent, Cox, five days before the fire which destroyed the property, notified the plaintiff's agent, Gordon, that the company had ordered the policy canceled; and, although such notice was given. still they should find for the plaintiff, if Cox then agreed with Gordon that the policy should remain in force until he got him another policy for the same amount, and the fire occurred before such other insurance was obtained, unless Gordon then knew that Cox had been ordered by the company to cancel the policy immediately. (2) If notice was given that the company had ordered the policy canceled, and there was no agreement by Cox that the policy should continue in force, as set out in No. 1, or if Gordon was informed by Cox that he had been ordered by the company to cancel the policy immediately, the jury should find for the defendant. (3) The letter from the company to Cox, read in evidence, was an order to cancel the policy immediately. The opinion is extended to this extent, as counsel seem to have misapprehended it.

The petition for rehearing is overruled.