# Sovereign Camp, Woodmen of the World v. Leitsch.

(Decided February 13, 1923.)

## Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

1. Beneficial Associations—Agents—Dues.—The clerk of the local camp, which is responsible to and is organized under a sovereign camp, and which clerk is required to perform certain duties for and on behalf of the sovereign camp, and to receive dues for it and to make certain reports to it, is the agent of the sovereign camp for such purposes.

2. Beneficial Associations—Change of Occupation—Notice—Fees.— Where members of an order are required, on making a change of occupation, to report the change to the clerk and to pay additional fees to said clerk for the use and benefit of the sovereign camp, the giving of the information and the payment of the dues to the clerk is a notification to the sovereign camp and a payment of the fees to it; and it is bound by such notice and such payment as if it had received the same directly.

3. Beneficial Associations—Change of Occupation—Suspension.—A member of a local camp who holds a bona fide certificate in the sovereign camp, and who changes his occupation from that of non-hazardous, and reports the fact to the clerk of the local camp and pays such dues as are demanded of him by said clerk, is in good standing in the lodge and will not stand suspended nor suffer the nullification of his certificate under a provision reading: "Any such member failing to notify the clerk and to make such payment as above provided, shall stand suspended and his beneficiary certificate be null and void."

4. Beneficial Associations—Hazardous Employment — Premiums.— Whatever additional premiums are due the lodge on account of the hazardous nature of the employment accepted by the insured, after the taking out of a certificate as above stated, is an obligation which he cannot avoid on demand of the society, although it does not void his certificate it will be offset against the fees of the policy.

L. D. GREENE and R. L. PAGE for appellant.

SELLIGMAN & SELLIGMAN and ALFRED SELLIGMAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Sovereign Camp, Woodmen of the World is a fraternal beneficiary association having subordinate lodges throughout the country, including one in Louisville

named Cypress Camp No. 64. On August 16, 1906, Henry Leitsch, the deceased husband of appellee, Agnes Marie Leitsch, became a member of the Sovereign Camp, Woodmen of the World through Cypress Camp No. 64, and said society issued and delivered to the said Henry Leitsch a benefit certificate whereby it undertook to pay to his father the sum of $1,000.00 as benefits in case of the death of the insured, Henry Leitsch. Later another certificate was issued in lieu of the one above mentioned, in which latter certificate the wife, appellee Agnes Marie Leitsch, was made the beneficiary and was such at the death of Henry Leitsch on February 16, 1919. She brought this action against the camp to recover $1,000.00 on the certificate of insurance, and the further sum of $100.00, provided for the erection of a monument at the grave of its members. The lower court, the facts being agreed, entered a judgment in accordance with the prayer of the petition, giving to the wife the full sum of $1,000.00 and adjudging that the camp should have a certain definite time in which to erect a monument at the grave of the deceased, Henry Leitsch, and in case it failed to do so, adjudged that it pay to the widow the sum of $100.00 in lieu of the said monument. From this judgment the society appeals. It insists that there are two outstanding questions involved in this cause: (a) Can a member of a fraternal insurance society change his occupation from a non-hazardous to a hazardous one in violation of the constitution of the society and without paying an increased rate of assessment without impairing the right of the beneficiary to recover on the policy at the death of the insured? (b) What proportion of the policy is recoverable when a member fails to pay the additional assessment levied by the society on a member engaged in a hazardous occupation and continues to pay the rate levied on members engaged in non-hazardous occupations? The constitution and bylaws of the society contained at the time of the issual of the benefit certificate to Leitsch as well as at his death, a provision, section 43, reading in part:

"Persons engaged in the following occupations, to-wit: Structural iron workers, circus riders and trapeze performance, conductors and brakemen on railway freight trains, . . . electric linemen, . . . may be admitted to membership if accepted by the sovereign physician, but their certificates shall not exceed two thousand dollars each and their rate of assessment shall

be three dollars and sixty cents per annum for each one thousand dollars of their beneficiary certificate in addition to the regular rate while so engaged in such hazardous occupation.

"If a member engage in any of the occupations or businesses mentioned in this section he shall within thirty days notify the clerk of this camp of such change of occupation, and while so engaged in such occupation shall pay on each monthly installment of assessment thirty cents for each one thousand dollars of his beneficiary certificate, in addition to the regular rate. Any such member failing to notify the clerk and to make such payments as above provided shall stand suspended and his beneficiary certificate be null and void."

The agreed statement of facts upon which the case was tried shows that Leitsch became a member of the society in 1906, and continued from that date until his death as such member, paying his dues in the way and manner provided in the bylaws of the society. That the certificate entitled the beneficiary to $1,000.00 on the death of Leitsch; that in his said certificate which was but a continuance of the first, his wife Agnes Marie Leitsch was beneficiary and entitled to all rights under the certificate at the death of Leitsch; that at the time of the issual of the policy Leitsch was a blacksmith by occupation, but that in November, 1913, Leitsch changed his employment from blacksmith to that of electric lineman in the service of the Louisville Railway Company and continued at such employment until his death; that at that time August Bronger was the clerk of Cypress Camp No. 64, Sovereign Woodmen of the World, to whom Leitsch was required to pay his dues; that it was the duty of August Bronger as clerk of said camp to collect premiums due by members upon their said policies and to report to defendant, Sovereign Camp, Woodmen of the World, any fact or circumstance which came to his knowledge affecting the said contracts of insurance; that on February 16, 1919, the insured, Henry Leitsch, died as the result of pneumonia; that his death was not caused directly or indirectly by the nature of his employment; that from the date of his admission to the society until his death he paid the usual and customary rate of premiums provided for by the society for persons of his age engaged in the occupation of blacksmith; that there was no additional assessment made by the society on him or paid by him to the society, or demanded of the insured by

said society after the insured became engaged in the occupation of an electric lineman; that Leitsch did not pay thirty cents on each $1,000.00 of his certificate per month in addition to his regular rate nor was any demand made of him for such payment although the nature of his employment was known to the clerk of the Cypress Camp No. 64; that the additional sum of thirty cents per month would have amounted to $23.00 in the period between the time of his acceptance of the hazardous employment and the time of his death.

It is the insistence of the appellant society that Leitsch had become suspended as a member of the society and his benefit certificate had automatically become null and void at the time he accepted the hazardous occupation of an electric lineman in violation of section 43 of the constitution of the society for the reason that said section provides, "Any such member failing to notify the clerk and to make such payment as above provided shall stand suspended and his beneficiary certificate be null and void." While it is tacitly admitted that Leitsch notified the clerk of his new occupation it does not appear that the clerk notified the Sovereign Camp, Woodmen of the World, as was his duty. While Leitsch was not injured in the hazardous occupation which he accepted after the certificate was issued to him, we think that he, as the insured, and the society as the insurer, had the right and power to enter into a binding agreement whereby the acceptance of hazardous employment by the insured would automatically suspend his membership in the society and render his certificate null and void for a failure to comply with certain definite rules. It will be noted, however, that such suspension of membership and nullification of the certificate could take place only on the failure of the member to notify the clerk of his change of occupation *and* to make such other payments as were required by the constitution. The failure to make the payment alone did not void the certificate nor suspend the member, but the concurrence of the two facts—(a) failure to notify the clerk, and (b) failure to pay the extra premiums—would suspend the member and render his certificate null and void.

It is admitted that the society through its agent, the clerk of Cypress Camp No. 64, in Louisville, regularly received the premiums paid by Leitsch on his policy after he changed from the non-hazardous to a hazardous occupation, and after he had notified the clerk of the Cypress

Camp No. 64 that he had made such change. The constitution and bylaws of the order required Leitsch to report to the said clerk and to pay his dues to the said clerk. He did both. The clerk as the agent of the sovereign camp received the information and the payments. The sovereign camp by receiving and accepting such premiums, although less than the amount to which it was entitled, tacitly waived the payment of the extra fee of thirty cents per month to which it was entitled, and it waived, as it had the right to do, the suspension of Leitsch as a member of the society and the forfeiture of his certificate. This did not, however, relieve Leitsch or his personal representative from the duty and obligation to pay the said extra premiums, when demanded by the society. As the demand was not made for the extra fee until after the death of Leitsch, the principal sum named in the face of the policy should have been credited by the total of said extra premiums, plus interest.

For the reasons indicated the judgment is affirmed. Judgment affirmed.