IRISH *v.* MONITOR INSURANCE COMPANY OF OAKLAND COUNTY.

INSURANCE—CANCELLATION OF POLICY—FAILURE TO RECEIVE REGISTERED LETTER—BY-LAWS.

    Notice of cancellation of insurance policy sent by registered letter, postage prepaid, containing request to return in five days if not delivered, to insured to his last-known post office address, as provided for in insurer's by-laws, to which insured agreed when policy was issued, *held*, insufficient to effect cancellation, where letter was never delivered to insured, due to his removal to another place, and which was returned to insurer before loss occurred.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted June 13, 1933. (Docket No. 113, Calendar No. 37,080.) Decided October 2, 1933.

Assumpsit by Alfonso Irish against Monitor Insurance Company of Oakland County, a Michigan corporation, on a policy of fire insurance. Directed verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Torbert & Allerton,* for plaintiff.

*Perry & Lynch,* for defendant.

CLARK, J.   In this suit on a policy of fire insurance, there being no dispute of loss, and the question being on cancellation and of law, a verdict for plaintiff was directed, on which judgment was entered. Defendant has appealed.

The question is:   Did the depositing a notice of cancellation of the policy in this case, inclosed in an envelope deposited at the post office in the city of Pontiac, on December 10, 1929, postage prepaid, and registered mail, directed to said plaintiff at his last address as given by him in his application for said insurance, constitute such a notice of cancellation as to relieve the defendant company in this case of liability under said policy, even though said notice of cancellation was not actually received by the plaintiff herein prior to the fire which occasioned the loss upon which this suit is predicated?

The trial judge stated the facts:

"On September 23, 1929, defendant issued its policy insuring plaintiff's house and household goods situate in Brandon township, in consideration of a premium then paid. On December 5, 1929, defendant's board of directors deemed the risk un-

desirable, and passed a resolution canceling the policy in accordance with the following by-law of the company, a copy of which was attached to the policy, section 18:

" 'It shall be the duty of the secretary or board of directors to appoint one member in each township to act as a committee of safety, whose duty it shall be to take risks, and look after the general interests of the company, and, from time to time as the board may direct, examine the property insured by this company, and in the case of decrease in value or of its becoming more hazardous, or of its being heavily mortgaged, report the same to the secretary or board of directors, who shall take such action as in their judgment the best interests of the company require, and, if they find it necessary, suspend the force or cancel such policy of insurance and a written notice mailed to the last-known post office address of the insured shall be sufficient notice of such cancellation.'

"The secretary of the company thereafter, on December 10, 1929, mailed a notice of cancellation of the policy by registered mail accompanied by the company's check for the unearned premium on the policy. The notice was mailed to plaintiff's last-known address which was given on the application as Ortonville. The testimony shows that plaintiff in the meantime, about December 15th, moved from his farm near Ortonville to a home near Thomas, a distance, I think, of some 12 to 15 miles, so that his new mailing address was at the latter place. The notice of cancellation was undelivered by the post office and was returned to the defendant about December 26th. The defendant's secretary thereupon made further inquiry and was informed that plaintiff's new address was at Metamora and the secretary on December 28th mailed the notice and check by registered mail to plaintiff at Metamora. The letter was never delivered to plaintiff and his home and household goods were destroyed by fire on December 31st.

"At the close of the proofs, defendant's counsel made a motion for directed verdict on the ground the policy was not in effect at the time of the loss. The question raised is a new one in this State. The by-laws of the company, to which plaintiff agreed at the time the policy was issued, provided that written

notice of cancellation of the policy mailed to the last-known post office address of the insured shall be sufficient notice of cancellation. The notice was mailed in accordance with this provision of the policy, but it is undisputed that it was never delivered.''

Authorities on the question are in flat conflict. We think the better rule is as stated in 3 Joyce on Insurance (2d Ed.), §§ 1669 and 1669 B :

''Notice of cancellation, if given by mail, must be received before loss by the party entitled thereto, or by his agent authorized to receive the same, otherwise there is no cancellation, even though a by-law provides for service of the notice personally or by mail.  *  *  *

'' A notice of cancellation sent by registered letter, marked return in five days, is insufficient where it was not received by the assured on account of his absence and was returned to insurer in accordance with his request upon the letter and in compliance with Federal statute regulating such matters, even though the policy stipulation made a notice sufficient by depositing the same in the mail addressed to the insured, postage prepaid.''

For discussion of authorities, see 6 Couch, Cyclopedia of Insurance, § 1440, where it is said:

''And, as a matter of fact, the weight of authority seems to regard receipt of the notice as a condition precedent to cancellation.''

Affirmed.

This opinion was written by Justice CLARK before his retirement and is concurred in by Justices POTTER and SHARPE.

BUTZEL, J. (*concurring in result*). Notice of cancellation was sent by registered mail in an envelope marked:

"Return in five days to The Monitor Insurance Co.," etc. The notice was not delivered to plaintiff, but returned to defendant by the post office prior to the fire. The record indicates that, if the notice had not been returned as requested, plaintiff might have received it, and then at least have had the opportunity to take out new insurance. For this reason, I concur in the result.

McDONALD, C. J., and NORTH, FEAD, and WIEST, JJ., concurred with BUTZEL, J.