GALKIN *v.* LINCOLN MUTUAL CASUALTY CO.

WELLS *v.* GALKIN.

1. CONTRACTS—STATUTES—PRINCIPAL AND SURETY—INSURANCE.
    Insurance policies and surety contracts, entered into in an attempt to comply with statutory requirements, are read in the light of such statutory requirements and the terms of such contracts are construed to comply with the statutory requirements.

2. INSURANCE—POLICIES—MANDATORY STATUTORY PROVISIONS.

Insurance contracts are subject to statutory regulation, should be construed in the light of statutory requirements, and mandatory statutory provisions read into the policies.

3. SAME—STATUTES—NOTICE OF CANCELLATION.

Statutory provision relative to cancellation of all automobile and some casualty insurance policies upon ''giving to the insured a five days' written notice of cancellation'' *held*, not complied with by insurer under automobile policy who merely mailed the notice to last known address of insured, where latter testified notice was not received (3 Comp. Laws 1929, § 12461).

4. SAME—NOTICE OF CANCELLATION—MAILING.

Notice of cancellation of an insurance policy, if given by mail, must be received before loss by the party entitled thereto, or his agent authorized to receive the same, otherwise there is no cancellation, even though a by-law provides for service of the notice personally or by mail (3 Comp. Laws 1929, § 12461).

5. SAME—NOTICE OF CANCELLATION—EFFECTIVE AT TIME OF RECEIPT.

A notice of cancellation of an insurance policy does not become effective until it is received, so that where it is mailed the time of its receipt by the insured is the time from which the notice must be computed.

6. SAME—EXTENSION OF TIME FOR PAYMENT OF PREMIUMS—QUESTION FOR JURY.

In action by insured against insurer under automobile insurance policy for sums expended by him in defending actions by garnishee plaintiffs and by latter against insured and insurer, where liability of insurer depended upon its right to, and manner of, cancellation, court's instruction, leaving question of whether or not insurer's agent extended credit for payment of premiums, as question of fact for jury *held*, not reversible error under evidence that justified inference time had been so extended.

Appeal from Wayne; Webster (Clyde I.), J. Submitted January 12, 1937. (Docket Nos. 115, 116, 117, 118, 119, Calendar Nos. 39,258, 39,259, 39,260, 39,261, 39,262.) Decided April 15, 1937. Rehearing denied May 21, 1937.

Assumpsit by Samuel Galkin against Lincoln Mutual Casualty Company, a Michigan corporation,

upon an automobile insurance policy to recover sums expended in defense of claims arising out of an automobile accident. Four separate garnishment actions by Norma Wells, Rose Wells, Ruth La Forge and Vernon La Forge against Samuel Galkin, principal defendant, and Lincoln Mutual Casualty Company, garnishee defendant. Cases consolidated for trial and appeal. Verdicts and judgments for plaintiff Galkin and garnishee plaintiffs. Defendant Lincoln Mutual Casualty Company appeals. Affirmed.

*Harold M. Silverston,* for plaintiff Galkin.

*Duane H. Mosier,* for plaintiffs Wells.

*A. D. Ruegsegger,* for plaintiffs La Forge.

*Stewart A. Ricard,* for defendant Lincoln Mutual Casualty Company.

NORTH, J.   In these five suits, combined and tried as one, the plaintiffs assert the right to recover under an automobile policy by which they claim Samuel Galkin was insured in the defendant Lincoln Mutual Casualty Company at the time an automobile accident occurred as the result of which the plaintiffs, other than Galkin, sustained damage caused by the negligent use of Galkin's car. Defendant's liability hinges upon whether Galkin's policy had been canceled prior to the date of the accident.

Defendant claims that because of nonpayment of premium it mailed to Galkin at his last known address notice of cancellation prior to the accident. The policy contains the following provision:

"This policy may be canceled at any time by either of the parties hereto upon surrender of policy

and upon 5 days' notice in writing to the other party stating when thereafter cancellation shall be effective. * * * Notice of cancellation mailed to the last known address of the assured herein shall be sufficient, and upon surrender of the policy by the assured, the check of the company similarly mailed shall be sufficient tender of any unearned premium.''

Defendant offered proof of having mailed notice of cancellation to the insured's last known address prior to the accident. This testimony was met by that of plaintiff Galkin who, although he had continued to reside at the address to which notice was mailed, denied receipt of the same. Appellant contends that by mailing notice (regardless of whether it was received by the insured) it fully performed the terms of the insurance contract and the policy was canceled. On the other hand appellees contend that cancellation was not accomplished unless the notice was received by the insured. On the issue of whether the notice was received the jury found against the insurance company.

The question of law is whether, under the above quoted terms of the insurance policy, mailing a proper notice constituted cancellation. The insurance code of this State contains the following provision:

''No policy of casualty insurance, excepting workmen's compensation, but including all classes of automobile coverage, shall be issued or delivered in this State by any corporation or other insurer authorized to do business in this State for which a premium or advance assessment is charged, unless there shall be contained within such policy a provision * * * whereby the policy may be canceled at any time by the company *by giving to the insured a five days' written notice of cancellation.''* 3 Comp. Laws 1929, § 12461.

It is the established law in this State that surety contracts, entered into in an attempt to comply with statutory requirements, are read in the light of such statutory requirements and the terms of such contracts are construed to comply with the statutory requirements. The statute is read into the contract. *County of Oakland* v. *Central West Casualty Co.*, 266 Mich. 438. The same rules of construction apply to suretyship contracts and to insurance policies. *City of Detroit, for the use of Watson*, v. *Blue Ribbon Auto Drivers Ass'n*, 254 Mich. 263 (74 A. L. R. 1306). Insurance contracts are subject to statutory regulation. They should be construed in the light of statutory requirements, and mandatory statutory provisions should be read into such insurance contracts. When thus construed the condition imposed by statute upon which the insurer may cancel its outstanding policy is "by *giving* to the insured a five days' written notice of cancellation." It is obvious that the insurer did not give notice to the insured by merely mailing notice. On this subject we quote from one of our recent decisions.

"Authorities on the question are in flat conflict. We think the better rule is as stated in 3 Joyce on Insurance (2d Ed.), §§ 1669 and 1669B:

" 'Notice of cancellation, if given by mail, must be received before loss by the party entitled thereto, or by his agent authorized to receive the same, otherwise there is no cancellation, even though a by-law provides for service of the notice personally or by mail.' * * *

"For discussion of authorities, see 6 Couch, Cyclopedia of Insurance, § 1440, where it is said:

" 'And, as a matter of fact, the weight of authority seems to regard receipt of the notice as a condition precedent to cancellation.' "
*Irish* v. *Monitor Ins. Co. of Oakland County*, 264 Mich. 586.

While the above quoted portion of the opinion was signed by only three members of the court,

there is nothing in the concurring opinion signed by the other justices which conflicts with the law as above quoted. The following decisions hold that notice of cancellation, to be effective, must not only be mailed but must be received by the insured: *Farnum* v. *Phoenix Ins. Co.*, 83 Cal. 246 (23 Pac. 869, 17 Am. St. Rep. 233) ; *American Building Maintenance Co.* v. *Indemnity Ins. Co. of North America*, 214 Cal. 608 (7 Pac. [2d] 305) ; *Mullen* v. *Dorchester Mutual Fire Ins. Co.*, 121 Mass. 171; *Protection Life Ins. Co.* v. *Palmer*, 81 Ill. 88; *Commercial Union Fire Ins. Co.* v. *King*, 108 Ark. 130 (156 S. W. 445) ; *American Fire Ins. Co.* v. *Brooks*, 83 Md. 22 (34 Atl. 373).

"A notice of cancellation does not become effective until it is received, so that where it is mailed the time of its receipt by the insured is the time from which the notice must be computed (citing *Citizens Ins. Co. of Missouri* v. *Henderson Elevator Co.*, 123 Ky. 478 [96 S. W. 601, 97 S. W. 810, 124 Am. St. Rep. 371] ; *Crown Point Iron Co.* v. *Ætna Ins. Co.*, 127 N. Y. 608 [28 N. E. 653, 14 L. R. A. 147])." 14 R. C. L. p. 1009.

We are not in accord with appellant's contention that under the terms of its policy mailing notice of cancellation to the last known address of the insured in and of itself canceled the policy. Instead, because of the statutory requirement hereinabove quoted, cancellation could not be effected by the insurer until notice thereof was received by the insured.

Appellant contends prejudicial error resulted from that portion of the charge to the jury wherein it was submitted as an issue of fact as to whether Mr. Sherman, alleged agent of the defendant insurance company, extended beyond June 19, 1934 (the

date of cancellation notice), the time within which the insured might pay his premium.   Appellant says:

"The court stated that whether or not the time was extended by the agent became a question of fact. No one in this case including all of plaintiff's witnesses or their attorneys claimed such a situation. The record is barren of any such claim."

The policy of insurance was silent as to the time within which the premium should be paid. There was testimony that belated partial payments of premiums were made by the insured to and accepted by Sherman. From the facts so proven the inference might fairly arise that the agent had extended the time for payment beyond June 19, 1934, especially since payments made after that date were accepted by Sherman and without complaint so far as disclosed by the record. Regardless of whether testimony of this character might have been excluded, it became a part of the record. The court instructed the jury:

"I further charge you that if you find that credit was extended beyond June 19, 1934, the insurance company had no right on that date to attempt cancellation of the policy."

In view of the claims of the respective counsel made in the trial court, and the testimony taken, there was no impropriety in this portion of the charge, at least it did not constitute reversible error.

We think other reasons assigned in support of this appeal are without merit. Because of its claim of cancellation the insurance company refused to defend the suits brought against Galkin by the other plaintiffs herein; and in consequence thereof Galkin

in his suit now here on appeal sought recovery from the insurance company for money expended in his own defense, and had judgment therefor. The remaining plaintiffs recovered against the insurance company in garnishee proceedings. Each of these judgments is affirmed, with costs to appellee.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.