# Carden et al. v. Liberty Mut. Ins. Co.

March 21, 1939.

WOODWARD, DAWSON & HOBSON and J. PAUL KEITH, JR., and PAUL M. BASHAM for appellants.

ROBERT F. VAUGHAN for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellants R. R. Carden and Alma Carden, executors of the estate of S. W. Carden, deceased, are appealing from a judgment in favor of appellee, Liberty Mutual Insurance Company. S. W. Carden was run over by a truck which belonged to John M. Kearney, doing business as Acme Electric Company. The accident took place in Louisville, Kentucky, April 30, 1936. The appellants sued Kearney and obtained a judgment against him for $2,500 in the Jefferson circuit court, in January, 1937. After an execution was returned "No property found," appellants brought this suit against appellee. Kearney had two policies of automobile liability insurance with the appellee previous to the policy involved herein.

The policy in question was issued November 28,

1935, and was to expire November 28, 1936. The annual premium was $62.10. There was a dividend of $12.42 due from the policy for the previous year, which was credited on the policy in question. The balance of the premium was to be paid in eight monthly installments, each installment falling due on the 28th of the month. There was to be paid also the sum of $2.40 as a service charge for the privilege of paying the premium on the installment plan. Kearney did not pay the premium due December 28, 1935, until January 20, 1936. At that time he paid the $6.21 due and also the $2.40 service charge. The premiums due January 28th and February 28th were not paid until March 30, 1936.

On March 13th, the Insurance Company sent a letter to the Acme Electric Company calling attention to the fact that the installments due January 28th and February 28th had not been paid. On March 25th the following letter was sent by the Insurance Company to the Electric Company:

"It is with sincere regret that we notify you of the cancellation of your automobile insurance policy because of your failure to pay the premium.

"In accordance with the provisions of the policy contract we hereby cancel policy LC-41360 of the Liberty Mutual Insurance Company as of April 5, 1936, 12:01 Standard Time."

The cancellation notice was apparently sent in accordance with the second item of the general conditions of the policy. This item reads:

"Policy may be cancelled by either party upon ten (10) days' written notice stating date and hour thereafter of cancellation. If cancelled by Company, Assured shall pay pro rata earned premium; otherwise customary short rate premium. Notice of cancellation mailed to mailing address of Assured herein given shall be sufficient. A check for the unearned premium when determined shall be similarly mailed, but tender of such unearned premium shall not be a condition precedent to cancellation."

On April 8, 1936, the Insurance Company sent the Electric Company a statement showing the amount paid on the premium and the amount of the unearned premium. This statement was accompanied by a check for $13.61, representing the unearned premium. Kearney

did not cash this check. The accident in which S. W. Carden was killed occurred April 30th. There is some evidence that Kearney attempted to have the policy reinstated around the middle of April. Appellants object to this evidence, however. Having reached the conclusion that the Company had a right to cancel the policy in accordance with the cancellation provision heretofore quoted, we do not deem it necessary to give further consideration to the question as to whether or not Kearney's deposition was properly made a part of the record.

During all the period which Kearney had insurance with the appellee company he was frequently in arrears in his premium payments. He received cancellation notices similar to the one heretofore referred to on several occasions. On these occasions he paid the premiums in arrears, and the policy was reinstated. After receipt of the cancellation notice dated March 25, 1936, he did not pay all of the premiums in arrears since a third premium became due March 28th, two days before he paid the January and February installments. It is obvious, however, that he had already paid premiums sufficient to carry the policy to April 5th. This is indicated by the fact that $13.61 was returned to him April 8th as unearned premium.

Counsel for appellants state in their brief that they rely upon the acceptance by the Company of the $12.42 payment sent it on March 30th, for a reversal of the judgment of the lower court. They have cited the cases of Kentucky Live Stock Insurance Company v. Stout, 175 Ky. 343, 194 S. W. 318; Sovereign Camp, Woodmen of the World v. Leitsch, 197 Ky. 699, 247 S. W. 962; Standard Accident Insurance Company v. Patton, 202 Ky. 566, 260 S. W. 371; and Glens Falls Insurance Company v. Elliott, 223 Ky. 205, 3 S. W. (2d) 219, in urging that the acceptance of the $12.42 constituted a waiver of the cancellation notice sent Kearney on March 25th. They urge that these cases support the rule that a forfeiture is waived by the acceptance of premiums by an insurance company with full knowledge of its liability, and that such conduct will restore life to the policy and render the Company liable under its contract. However, an examination of the cases relied upon by appellants does not reveal circumstances comparable to those in the case at bar. Here we have a situation where the policy contained a provision under which

either party could cancel it upon ten days' written notice. The provision did not require that any reason be given for the cancellation. We have held that an insurance company may cancel a policy in accordance with the cancellation provisions contained therein. Citizens Insurance Company v. Henderson, 123 Ky. 478, 96 S. W. 601, 97 S. W. 810, 29 Ky. Law Rep. 976, 30 Ky. Law Rep. 225, 124 Am. St. Rep. 371; Stuyvesant Insurance Company v. Barkett, 226 Ky. 424, 11 S. W. (2d) 87; Aetna Life Insurance Company of Hartford, Connecticut v. Gullett, 253 Ky. 544, 69 S. W. (2d) 1068; Fidelity Mutual Life Insurance Company v. Heltsley, 254 Ky. 453, 71 S. W. (2d) 1017; Standard Fire Insurance Company v. Robey, 257 Ky. 204, 77 S. W. (2d) 785.

It is true that the cancellation notice received by the Electric Company gave as the reason for the cancellation "failure to pay the premium due." Whether the policy would be reinstated in the event that Kearney paid all of the premiums due after he received the cancellation notice was dependent upon the Company, since there was no provision in the policy to the effect that the payment of premiums in arrears would constitute a waiver of the cancellation notice. In any event he did not pay all of the premiums due before the expiration of the cancellation notice period. We have noted that appellants insist that the acceptance of the $12.42 payment constituted a waiver of the cancellation notice, even though the Company refunded the unearned premium. There would have been some basis for this contention if the Company had kept the money and had not refunded the unearned premium; but this it did not do. We do not think that the mere fact that the Company cashed the check for $12.42 in any way showed an abandonment of its intention to cancel the policy in accordance with its notice of March 25th.

Judgment affirmed.