HARRY H. SORENSEN, Appellee, v. FARMERS MUTUAL HAIL
INSURANCE ASSOCIATION, Appellant.

No. 44587.

JUNE 20, 1939.

L. L. Ryan, Hal W. Byers, and McMartin, Herrick, Sloan & Langdon, for appellant.

. L. D. Mallonee, for appellee.

HALE, J.—Plaintiff, on May 14, 1937, applied for a policy of insurance against hail, on growing crops on forty acres of land. Policy was issued May 17, 1937, and on August 1, 1937, plaintiff suffered a loss on such forty acres by reason of hail. To his petition defendant filed answer by way of general denial, and in division II of such answer alleged that on June 17, 1937, plaintiff's policy was canceled by defendant by sending to plaintiff a notice of cancellation, addressed to Harry H. Sorensen, Elk Horn, Iowa, R. D. No. 1, and alleged further that said notice of cancellation complied with section 6 of the policy issued to Sorensen and was mailed in compliance with Code section 9054, and, further, that the cancellation of said policy became effective more than forty days prior to the storm and loss, and asked dismissal. To the second division of defendant's answer plaintiff demurred, on the grounds: (1) That it did not show any compliance with the laws of Iowa pertaining to cancellation of insurance policies of the kind involved in the action; (2) that no notice of cancellation was given to the assured; (3) that the provision for cancellation of policies in the bylaws of defendant company, as printed on the back of the policy, to wit, section 6, is not authorized by the statutes of Iowa, and particularly section 9054, Code, 1935; and (4) that there was no allegation in defendant's answer that any notice of cancellation was ever received by plaintiff. This demurrer was sustained. Defendant filed election to stand on its answer, and appealed from the order of the court sustaining the demurrer.

Plaintiff in his petition sets out as an exhibit a copy of his application, dated May 14, 1937; the articles of incorporation of the defendant association; and the bylaws, section 6 of which bylaws is as follows:

"A policy of insurance issued by this Association may be cancelled by the Association giving five days' notice in writing

thereof to the assured or if the assured shall demand in writing or in person of the Association, the cancellation of his policy, the Association shall immediately advise, by letter to address named, the amount, if any, due as his pro rata share of the . losses and in addition the actual expenses incurred since the date of his policy. Upon the surrender of his policy and the payment of all sums due, his membership shall cease, provided that during the months of May, June, July and August, hail policies may be cancelled only at the option of the officers of the Association. Notice of cancellation by the Association mailed to the address of the assured stated in the representations shall be a sufficient notice.''

Section 9054 of the Code of 1935 is as follows:

''Cancellation by association—notice. Any policy of insurance issued by any association operating under the provisions of this chapter may be canceled by the association giving five days' written notice thereof to the insured.''

It is not disputed that the provision in the bylaws is a part of the policy, or that, by the terms of the contract of insurance, it is expressly agreed that the articles of incorporation and the bylaws printed in the policy are a part of the contract and binding upon both parties thereto. Nor is it disputed that existing statutes are to be construed as a part of all insurance policies subject thereto. It is no doubt true, as insisted by plaintiff, that statutory provisions for the benefit of the insured cannot be contracted away and are binding upon the insured only if not contrary to the applicable statutes. Also a policy is construed to give the insured his indemnity in questions of cancellation or forfeiture. Assuming that the position of the plaintiff is well taken in regard to these matters, there remains only for consideration whether or not the mailing of the notice pleaded by the defendant in division II of its answer, constituted cancellation within the meaning of section 9054 of the Code, and is such a notice as is contemplated in that statute. The notice was dated June 17, 1937, and was as follows:

''THE FARMERS MUTUAL HAIL INS. ASS'N. OF IOWA, Des Moines, Iowa, hereby gives you written notice in accordance with the policy conditions of the cancellation of its hail Policy

No. 317339 issued through the Home Office to Harry H. Soren-sen.

"By virtue of this notice, as issued to you, the Policy will be cancelled and all liability of the Farmers Mutual Hail Insurance Association of Iowa under said Policy will cease five days from noon standard time the 17th day of June, 1937, without further notice.

"Mutually,

"Farmers Mutual Hail Ins. Ass'n. of Iowa,
"By (Signed) F. O. Rutledge, Ass't. Secy."

Attached to this exhibit is a receipt from the post office department at Des Moines.

In argument the plaintiff makes no objection to the form of notice; nor is the second ground of the demurrer argued to any extent, that the defendant did send to the plaintiff the notice of cancellation as stated in division II of its answer.

The questions remaining for consideration are: Did the sending of the notice in the manner pleaded comply with the laws of Iowa pertaining to cancellation of insurance policies of the kind involved in this action; was such attempted cancellation authorized by section 9054, or is it necessary under such section that the notice of cancellation be received by the insured? The whole question centers itself in one proposition: Does a cancellation under section 9054 of the Code require that the notice be received by the insured before it becomes effective?

The allegations of defendant's answer must be taken as true for the purpose of considering the demurrer, so that in this case we have a notice in due form, mailed to the plaintiff a sufficient period before the time of loss and in compliance with section 6 of the bylaws of the association and the provisions of the policy. It will be noticed that the Code (section 9054) does not specify any particular form of notice except that it shall be five days written notice.

Plaintiff insists that notice to the insured cannot be such unless there is a showing, or in the case at bar a plea, that the same had been received by the insured; that the bylaw of the association which provides for the giving of notice by mail is inconsistent with, and conflicts with the provisions of the statute. If this is true, the statute would prevail. The bylaw would give way to the statutory provision. The question, therefore,

becomes still narrower, and remains: Does this provision of the policy conflict with the statute? If it does, then the court was right in sustaining the demurrer. If there is no conflict, then the demurrer should have been overruled. Many authorities are cited by both parties, and the courts in their rulings upon provisions of this kind have not been unanimous, and there is much conflict.

The principal case cited by plaintiff is Galkin v. Lincoln Mutual Casualty Co. (1937), 279 Mich. 327, 272 N. W. 694. This case holds that there must be actual receipt of the notice, following a former Michigan case, Irish v. Monitor Ins. Co., 264 Mich. 586, 250 N. W. 318, in which case the statement is made that the authorities are in flat conflict, citing 3 Joyce on Insurance, 2d Ed., sections 1669, 1669B, and 6 Couch, Cyc. of Insurance, section 1440; and further citing Farnum v. Phoenix Insurance Co., 83 Cal. 246, 23 P. 869, 17 Am. St. Rep. 233; American Building Maintenance Co. v. Indemnity Ins. Co., 214 Cal. 608, 7 P. 2d 305; Mullen v. Dorchester Mut. Fire Ins. Co., 121 Mass. 171; Protection Life Ins. Co. v. Palmer, Admr., 81 Ill. 88; Commercial Union Fire Ins. Co. v. King (decided in 1913), 108 Ark. 130, 156 S. W. 445; American Fire Ins. Co. v. Brooks, 83 Md. 22, 34 A. 373. An examination of these cases does not disclose that in any case, except the Michigan case, there was any reference to any statute similar in form to the one under consideration. Several cite the Mullen case, supra, from Massachusetts, where no such statute is referred to. Since the rendition of the decision in the Arkansas case (Commercial Union Fire Ins. Co. v. King, supra), which is cited in support of the Michigan ruling, the supreme court of Arkansas, in the case of Home Ins. Co. of New York v. Jones, in a decision rendered in 1936, 192 Ark. 916, 95 S. W. 2d 894, 896, has held that evidence of the receipt of the notice is not necessary. In an action upon an automobile policy, the lower court's holding that in order to be effective the cancellation must show that the insured received the notice, was reversed, the court saying:

"We cannot agree with the trial court that the provision with reference to notice of cancellation is unreasonable, unfair, etc., and therefore void. On the contrary, the provision is valid, but must be strictly complied with to be availing. If the notice is given strictly in accordance with its terms, it is not necessary

that the insured shall receive it to be effective, *as its receipt is a risk he assumes under the plain provisions of the contract.*" (Italics ours.)

The holdings of various courts with reference to the validity of such a policy provision sustain the defendant's view, as in the recent cases of Dent v. Monarch Life Ins. Co. (1936), 231 Mo. App. 283, 98 S. W. 2d 123; St. Paul Fire & Marine Ins. Co. v. C. I. T. Corporation, 55 Ga. App. 101, 189 S. E. 390; McBride v. New Amsterdam Casualty Co. (1934), 12 N. J. Misc. 617, 173 A. 346, following Raiken v. Commercial Casualty Ins. Co. (1926), N. J. Sup., 135 A. 479. In the recent case of California-Western States Life Ins. Co. v. Williams (Sept. 22, 1938), Tex. Civ. App., 120 S. W. 2d 844, under the same provisions of a policy as to cancellation, providing that the company might cancel the policy at any time by written notice delivered to the insured or mailed to his last address, the supreme court reversed the lower court which held that the cancellation was not effective because there was no evidence of the notice being received, the court in its opinion citing among other authorities, the case of Wolonter v. United States Casualty Co., 126 Va. 156, 101 S. E. 58, 61, in which latter case the following language was used:

"The contract was a valid contract, and the company had the right to cancel it in the manner therein provided. If the notice, properly addressed, was mailed to the assured at his latest address appearing on the company's record, accompanied by the company's check for the unearned premium, that was sufficient. The assured assumed the risk of the due receipt of the notice." Citing Manchester Fire Assur. Co. v. Insurance Co., 91 Ill. App. 609; International Life Ins. & Trust Co. v. Franklin Fire Ins. & Trust Co., 66 N. Y. 119.

All the foregoing authorities, with other cases cited therein, indicate that the question of receipt of notice is one upon which the courts of the country are in conflict. It is asserted that the question at issue has never been passed upon in this state. But it may be of interest to note that, while the exact question in issue has not been before this court, yet some suggestion has been made heretofore as to the proper manner of service of the notice provided in the Code (section 1759-m, S. '13) in Salmon v. Insurance Assn. (1915), 168 Iowa 521, 527,

1322

150 N. W. 680, 682, an action to reform a policy of insurance under a statute identical with such Code section 9054. The question of receipt of notice was not in issue, nor a determining question in the case, but the court, in holding that the form of notice sent was not effective and that the notice prescribed by section 1759-m (section 9054, Code, 1935) was the only statutory method of cancellation, stated as to such prescribed method, "This notice may doubtless be given by registered letter," and that, assuming insured "did not receive it, yet he should be bound by what it contained." We do not say that the foregoing case is authority for the position we take as to the effect of section 9054, but that the interpretation of the policy provision under that statute, as made therein, seems to us to be reasonable and correct. It seems to us that the only requirement of the statute is that written notice be given in proper time. The statute is silent as to the manner of notice. The parties to this action have recognized the fact that notice is necessary; they have by the stipulations of the policy contracted with each other as to the form and manner in which the notice shall be given, and as to what shall constitute a notice within the meaning of the statute. The statute leaves the parties free to meet its requirements in such manner as to them may seem best adapted to the purpose. Any method of notice should be sufficient which will reasonably apprise the insured of the intention of the insurer to cancel, provided that it does not conflict with the statute. Thus the parties could not agree that no notice should be given, but if in their opinion the manner of service of notice set out in the bylaws is sufficient, it does not appear to us that there is anything in the statute that would prevent them from so agreeing, the parties being free to provide such reasonable notice, not in conflict with the statute, as they may elect. To hold as plaintiff insists that to defend against a suit on a policy which a company has seen fit to cancel, the defendant must show the actual receipt of notice, would in many cases require an impossibility. We think that the provision in the policy provides a reasonable way of terminating it, is not in conflict with the statute, and it is one to which both parties have agreed. We feel that the court was in error in sustaining the demurrer under the pleadings.

So far as this particular case is concerned, the question in issue being the correctness of the court's ruling on a demurrer,

we should bear in mind the presumption or inference that the notice did actually reach the plaintiff by reason of its being deposited in the post office at Des Moines in time, in the ordinary course of mail, to reach the insured. Such a presumption is authorized by the holdings of this court. The demurrer recognized as true that the registered letter was deposited on the date claimed, and we may presume or infer that the letter, properly addressed and mailed, reached the plaintiff in due time. Watson v. Richardson, 110 Iowa 673, 80 N. W. 407; Pennypacker v. The Capital Insurance Co., 80 Iowa 56, 45 N. W. 408, 8 L. R. A. 236, 20 Am. St. Rep. 395; Cushman v. Hassler, 82 Iowa 295, 47 N. W. 1036. Travelers Ins. Co. v. Farmers Mutual Fire Ins. Assn., 211 Iowa 1051, 233 N. W. 153, is not contrary to the presumption of delivery and receipt. In that case there was a conflict of testimony. The court speaks of the inference which applies in the absence of evidence to the contrary, and holds that if defendant actually mailed such a letter the probability is great that it reached its destination, but if, on the other hand, the plaintiff never received such a letter the probability is great that it was never mailed, and that the evidence on that point is contradictory, as is not true in the present case. There is, of course, in the case at bar, no contradiction in the evidence. But if there were such contradictory evidence, still, for the reasons given in the first part of this opinion, we would be compelled to hold that the ruling on the demurrer was erroneous, and should be, and it is, reversed.—Reversed.

STIGER, SAGER, BLISS, and MILLER, JJ., concur.

MITCHELL, C. J., and RICHARDS and OLIVER, JJ., dissent.

MITCHELL, C. J. (dissenting)—I find myself unable to agree with the majority and respectfully dissent.

This court has said that the parties having entered into a contract, it cannot be terminated unless the right to do so was reserved. I quote from Artificial Ice Co. v. Reciprocal Exch., 192 Iowa 1133, 1139, 184 N. W. 756, 759:

"I. The issuance of the policies being admitted, and the loss occurring within the term covered by the contract, the burden of establishing an effective cancellation before the loss is upon the defendant. Except as such right is provided for

by statute or reserved in the contract, neither the insurer nor the insured can declare or effect a cancellation without the consent of the other. Such right is quite generally provided for, upon prescribed terms and conditions, in practically all insurance contracts; but the rule is quite universal that such cancellation at the will or demand of one of the parties, without the consent of the other, can be effected only by a strict compliance with such terms and conditions. As said by Marshall, J., in Davis Lbr. Co. v. Hartford F. Ins. Co., 95 Wis. 226, 70 N. W. 84, 37 L. R. A. 131:

"The right of cancellation does not exist at all, except by contract, and a clause in that regard is in the nature of a condition precedent, which must be strictly complied with in order to make an effort to cancel effective to accomplish its purpose."

In the case of Salmon v. Insurance Assn., 168 Iowa 521, 528, 150 N. W. 680, 682, this court said:

"The by-laws of the association do not control as against a statute, and the case in this respect is ruled by Beeman v. Ins. Co., 104 Iowa 83, 73 N. W. 597, 65 Am. St. Rep. 424; Bradford v. Ins. Co., 112 Iowa 495, 84 N. W. 693, although both were decided before the change in the statute already noticed."

The majority admit:

"It is no doubt true, as insisted by plaintiff that statutory provisions for the benefit of the insured cannot be contracted away and are binding upon the insured only if not contrary to the applicable statute."

With these rules of law in mind, I turn to the case at bar.

The legislature of Iowa by the enactment of section 9054 of the Code of 1935 said to insurance companies that before a policy of insurance can be canceled, the insurer must do a certain thing. That thing is the "giving five days' written notice thereof to the insured".

The statute under our cases must be strictly construed, can there be any doubt what it means? It says five days' notice to the insured, not the mailing of a notice or posting or some other manner which may be provided by a contract of insurance, but the giving of notice to the insured is required to satisfy the statute before the right to cancel is allowed.

The same identical question construing a statute similar to the Iowa one confronted the Michigan court in the case of Galkin v. Lincoln Mutual Casualty Co., 279 Mich. 327, 331, 272 N. W. 694, 695. That court said:

" 'Authorities on the question are in flat conflict. We think the better rule is as stated in 3 Joyce on Insurance (2d Ed.), §§1669 and 1669B:

" ' ''Notice of cancellation, if given by mail, must be received before loss by the party entitled thereto, or by his agent authorized to receive the same, otherwise there is no cancellation, even though a by-law provides for service of the notice personally or by registered mail." * * *

" 'For discussion of authorities, see 6 Couch, Cyc. of Ins., §1440, where it is said:

" ' ''And, as a matter of fact, the weight of authority seems to regard receipt of the notice as a condition precedent to cancellation." ' Irish v. Monitor Insurance Co., 264 Mich. 586, 250 N. W. 318.

''While the above quoted portion of the opinion was signed by only three members of the court, there is nothing in the concurring opinion signed by the other justices which conflicts with the law as above quoted. The following decisions hold that notice of cancellation, to be effective, must not only be mailed but must be received by the insured: Farnum v. Phoenix Insurance Co., 83 Cal. 246, 23 P. 869, 17 Am. St. Rep. 233; American B. M. Co. v. Indemnity Ins. Co., 214 Cal. 608, 7 P. 2d 305; Mullen v. Dorchester Mut. Fire Insurance Co., 121 Mass. 171; Protection Life Ins. Co. v. Palmer, Admr., 81 Ill. 88; Commercial Union Fire Ins. Co. v. King, 108 Ark. 130, 156 S. W. 445; American Fire Ins. Co. v. Brooks, 83 Md. 22, 34 A. 373.

" 'A notice of cancellation does not become effective until it is received, so that where it is mailed the time of its receipt by the insured is the time from which the notice must be computed, (citing Citizens' Ins. Co. of Missouri v. Henderson Elevator Co., 123 Ky. 478, 96 S. W. 601, 97 S. W. 810, 124 Am. St. Rep. 371; Crown Point Iron Co. v. Aetna Ins. Co., 27 N. Y. 608, 28 N. E. 653, 14 L. R. A. 147).' 14 R. C. L. 1009.

''We are not in accord with appellant's contention that under the terms of its policy mailing notice of cancellation to the last known address of the insured in and of itself canceled

the policy. Instead, because of the statutory requirement here-inabove quoted, cancellation could not be effected by the insurer until notice thereof was received by the insured.''

I have no fault to find with the cases cited by the majority, they are not based upon statutes such as we have in Iowa but rather upon provision of the contract of insurance.

The majority say that to require the insurance company to show actual receipt of the notice ''would in many cases require an impossibility''.

But what about the insured if the insurance company can cancel his policy by simply mailing a notice, the insured would have no way of protecting himself. For if he did not receive the notice he would not know that the policy had been cancelled. To protect the insured, and he is the one entitled to the protection, the legislature of Iowa passed section 9054, which in my judgment is now repealed by the majority opinion.

I would affirm the case.

RICHARDS and OLIVER, JJ., (dissenting)—Code section 9054 provides the policy may be canceled by the association giving five days written notice thereof to the insured. The bylaws of the association recite, ''notice mailed to the address of the assured stated in the representations shall be a sufficient notice.'' The majority opinion states the question: *''Does this provision of the policy conflict with the statute?''* (Italics supplied.)

Having stated the question, the opinion proceeds to decision, not upon that question, but upon a different proposition to wit, the validity and effect of such provisions in the policy or bylaws, in the absence of statutory limitations. The opinion concludes that, while the authorities are in conflict, various holdings sustain the view that provisions similar to those in the aforementioned bylaws are not illegal and void. None of the outside cases cited as sustaining the holding discuss the effect of a statutory provision similar to ours. Not one bears upon the question: *''Does this provision of the policy conflict with the statute?''*

The opinion quotes from the Virginia case of Wolonter v. United States Casualty Co., supra. That case makes reference to a statute which expressly provides for cancellation by ''notice delivered to the insured or mailed to him at his last address.''

Other cited authorities turn upon the principle that the parties to a contract may legally agree as to the method of its cancellation provided such method is not unreasonable nor unfair.

The only cited authority based upon a statute similar to ours is Galkin v. Lincoln Mutual Casualty Co., 279 Mich. 327, 272 N. W. 694, 696. That decision was rendered in the following language:

"We are not in accord with appellant's contention that under the terms of its policy mailing notice of cancellation to the last-known address of the insured in and of itself canceled the policy. Instead, *because of the statutory requirement* hereinabove quoted, *cancellation could not be effected* by the insurer *until notice thereof was received* by the insured." (Italics supplied.)

No other decision directly in point is mentioned in the majority opinion. That other authorities have not been discovered may be due to the infrequency of like statutory provisions elsewhere. In a number of states the statutes detail the requirements relative to notice of cancellation. Obviously compliance with such statutes is sufficient. The Iowa statute requires *giving written notice* to the insured. Therefore, strict statutory compliance requires that the insured actually receive such written notice. The statute is a declaration of public policy upon this proposition. The majority holding that this statutory requirement m a y be contracted away, in effect abrogates the statute.

Nor is it sufficient answer to say that to "show the actual receipt of notice, would in many cases require an impossibility". Various other provisions of the Code require giving written notice and the occasional practical difficulty of compliance has not heretofore been recognized as obviating such requirements. Therefore, we respectfully dissent.